JAMES KIRLIN, plaintiff in error, vs. LOCKHARD & IRE-
LAND, defendants in error.

A motion to distribute money was pending in the County-Court when a
collateral issue of fact was submitted to a jury, and the Court, in the
exercise of the discretion given by the statute in such cases, allowed
an appeal from the verdict to the Superior Court, and a motion was
afterwards made in the Superior Court to dismiss the appeal, on the
ground that no security had been given: *Held*, that, as the appeal
could not be entered in such case as matter of right, under the general
law, and as there could be no "eventual condemnation money," the
fund being in the hands of the Court, it was not error in the Superior
Court to refuse to dismiss the appeal.

Appeal in collateral issue. Before Judge WORRILL. Mus-
cogee Superior Court. May Term, 1869.

On the 31st of July, 1867, Margolius gave to Lockhard
& Ireland, a mortgage upon "his entire stock of goods, wares
and merchandize," in his designated store-house in Columbus,
to secure his note to them for $589 29, due 10th November,
1867. On the 11th of December, 1867, this mortgage was
foreclosed, and the mortgage *fi. fa.* was levied on Margolius'
goods. On the 18th of September, 1867, Kirlin sued out
his distress warrant against Margolius, as survivor of Margo-
lius & Company, for $535 00, for rent of said store-house,
and had it levied upon the same goods. At March Term,
1868, the sheriff of the County-Court, to which said *fi. fas.*
were returnable, had in hand the proceeds of the sale of said
goods, and Lockhard & Ireland and Kirlin were at issue as
to who should take said proceeds. The jury found the issue
in favor of Kivlin. Thereupon, the Judge of the County-
Court, upon motion of Lockhard & Ireland, ordered said
cause to be carried to the appeal docket of the Superior Court.
Nothing was said about any bond and security, and none was
given. When the cause was called in the Superior Court,
Kirlin's counsel moved to dismiss the appeal, because no
bond and security had been given. The motion was over-
ruled. For some reason, the cause was not then tried. At
May Term, 1869, that motion was renewed and again over--

Kirlin *vs.* Lockhard & Ireland.

ruled. The cause was then tried, and resulted in a verdict and judgment for Lockhard & Ireland. During the trial, Kirlin's counsel objected to said mortgage as evidence, because of its uncertainty. The objection was overruled and the mortgage was read.

Error is assigned upon the refusal to dismiss said appeal and to reject said mortgage. During the argument this last assignment was withdrawn.

J. M. Russell, Ramsey & Ramsey, for plaintiff in error, cited the law as to appeals generally in Irwin's Code.

Peabody & Brannon, by the Reporter, for defendants, replied, that this objection came too late, Irw. Code, secs. 4191, 4193; Kitchens vs. Kitchens, 39th Ga. R. It should have been a rule for L. & I. to show cause, Thomas vs. The Ga. R. R. and Bk'g Co., 38th Ga. R., 222. But no bond was necessary in this case, Irw. Code, sec. 3554.

Brown, C. J.

The money was in Court in this case, and was claimed by the mortgagees and by the landlord whose debt against the mortgagor was for rent. A collateral issue of fact was made up and submitted by the Court to a jury. After verdict, the Judge of the County-Court permitted an appeal to the Superior Court, without requiring security on the appeal. A motion was afterwards made in the Superior Court to dismiss the appeal on the ground that no security was given. The Court refused to sustain the motion, and that decision is complained of.

As a general rule, no appeal is allowed in collateral issues in the Superior Court, but the Judge of the County-Court, when such issue was tried in that Court, might, in his *discretion*, permit an appeal to the Superior Court. Revised Code, 3554. The Code does not say that the County-Court in such case shall require security to be given on the appeal. As the appeal was allowed in the discretion of the Judge, he might order it, on condition that bond and security be given. And

it would have been his duty to have required security in most cases. But we see no reason why it should have been required in this case. The fund was in the hands of the Court for distribution, and the jury trial was intended to enlighten the conscience of the Court on a question of fact. There could have been no "eventual condemnation money" in this case and no reason why security should have been required. It is not a case under the general law, where the party can appeal as matter of right on giving bond and security.

Judgment affirmed.